UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| NATALIA V. POLIAKOVA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-1210 (RCL) |
| | ) | |
| EMILIO T. GONZALEZ, Director | ) | |
| U.S. Citizenship and Immigration Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Pursuant to Fed. R. Civ. P. 7 and LCvR7, the Plaintiff, Natalia V. Poliakova, by counsel, respectfully moves this Court for leave to file a brief sur-reply to the Defendants' Reply in Support of Motion to Transfer and for Enlargement of Time to File Answer ("Defendants' Reply").  A sur-reply is warranted to clarify the Plaintiff's understandings regarding the review of her case by authorities at USCIS Headquarters in Washington, D.C., to explain the nature of an application for renewal of travel document versus an application for adjustment of status, and to answer and correct certain allegations in the Defendants' Reply.

Counsel for the Defendants was contacted regarding this motion.  Counsel indicated to the undersigned that she does not oppose the Plaintiff's motion for leave to file sur-reply on the condition that Defendants are afforded an opportunity to respond to the sur-reply with a response of equal length.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

1

WHEREFORE, the Plaintiff respectfully moves this Court for leave to file sur-reply.

Respectfully submitted this 30th day of November 2007,

NATALIA V. POLIAKOVA

*By counsel,*

_____/s/_____
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801

*Counsel for Plaintiff*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
NATALIA V. POLIAKOVA                          )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )     Civ. No. 07-1210 (RCL)
                                              )
EMILIO T. GONZALEZ, Director                  )
U.S. Citizenship and Immigration Services, et al.,  )
                                              )
        Defendants.                           )
_____)

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO TRANSFER AND FOR ENLARGEMENT OF TIME TO FILE ANSWER**

The Plaintiff, Natalia V. Poliakova, by counsel, respectfully submits this brief sur-reply

to the Defendants' Reply in Support of Motion to Transfer and for Enlargement of Time to File

Answer ("Defendants' Reply").

In its Reply, the Government repeats its contention that transfer of this case to the

Southern District of Florida is appropriate because "[t]he only nexus between this District and

the case is the fact that two of the agency heads named as defendants have offices in

Washington, D.C." and declares that "[USCIS Chief of Staff Maria] Aran has reviewed and

investigated Plaintiff's allegations that USCIS and/or DHS headquarters now have control of

Plaintiff's adjustment of status application, and found them to be false." Defendants' Reply at 1,

5.  In addition, the Defendants assert that only the Plaintiff's application for renewal of her travel

document, Form I-131, was transferred to Citizenship and Immigration Services ("CIS")

Headquarters in Washington, D.C., whereas adjudication of the Plaintiff's adjustment of status

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

1

application "was and is being conducted by the CIS Miami District Office." *Id.* at 5. The Defendants' reply misconstrues the Plaintiff's arguments and fails to explain why the Plaintiff's subordinate I-131 application for renewal of travel document was subjected to scrutiny by CIS officials in Washington, D.C., but her principal I-485 adjustment of status application was not.

At the outset, the Plaintiff did *not* allege "that USCIS and/or DHS headquarters now have control of Plaintiff's adjustment of status application[.]" *Id.* Rather, the Plaintiff averred that the information she was able to obtain from multiple inquiries into the agency's delay in processing her Form I-131 application for renewal of her travel document "reveal that her case was, for some period of time, transferred to CIS Headquarters in Washington[.]" Plaintiff's Opposition to Defendants' Motion to Transfer and for Enlargement of Time to File Answer ("Plaintiff's Opposition"), at 12-13. The Plaintiff's conclusion was based on the nature of a Form I-131 application for renewal of travel document, which is a subordinate benefit available to an adjustment of status applicant who has an I-485 application pending before CIS. *See* 8 U.S.C. §212(d)(5); 8 C.F.R. §§212.5(f), 223.2(a), 245.2(a)(4)(ii)(B). The standard for adjudicating a travel document request is straightforward and requires merely submission of a completed Form I-131, payment of the requisite filing fee, evidence that a Form I-485 remains pending before CIS, and a representation that travel is required for a reason which is not contrary to law or public policy. *See* Memo, Puleo, Assoc. Comm., Adjudications, CO 212.28-C (July 6, 1992), *reprinted in* 69 No. 26 Interp. Rel. 846, 851-52 (July 13, 1992); *see also* Memo, Puleo, Exec. Assoc. Comm. (Apr. 20, 1995) *and* Memo, Virtue, Acting Exec. Assoc. Comm., HQ 120/17.2 (Aug. 15, 1997), *both reprinted in* 74 No. 32 Interp. Rel. 1292, 1303-05 (Aug. 25, 1997). The application is particularly non-controversial where – as in this case – the applicant merely seeks

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

2

*renewal* of a benefit that had been previously granted to the Plaintiff on three successive occasions. *See* Plaintiff's Opposition, Exh. 1.

Consequently, the Plaintiff reasonably understood that any inquiry into her case by officials at CIS Headquarters pertained to her as an applicant, and that it extended as well to the pending I-485 and her eligibility to adjust status to lawful permanent resident, rather than merely to a subordinate application for renewal of her travel document. The Defendants still have not explained why Headquarters review of the I-131 was necessary, whereas review of the I-485 has purportedly been conducted solely by officials in the CIS Miami District Office. In any case, it is largely a distinction without a difference. Whether review by CIS Headquarters pertained to the I-131 or the I-485, the agency's scrutiny was of Ms. Poliakova and her eligibility for the immigration benefit being sought. Because the Plaintiff's complaint in this case pertains to an unreasonably delayed application for adjustment of status, and her inquiries to the agency have produced evidence that a subordinate application for renewal of her travel document clearly was transferred to Washington, D.C. for review by officials at CIS Headquarters, it strains credibility to insist that "the only nexus between this District and the case is the fact that two of the agency heads … have offices in Washington, D.C." or that any supposed "local interest" in resolving this controversy outweighs the Plaintiff's preferred venue choice. Defendants' Reply at 1, 4; *see Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (holding that plaintiff's choice of forum is entitled to "great deference" and is a "paramount consideration" in deciding whether to grant defendant's transfer request); *see also Southern Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 86 (D.D.C. 2005) ("Courts give considerable deference to the plaintiff's choice of forum.").

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

3

Central to this dispute is the lack of transparency in the CIS process for reviewing and adjudicating applications for immigration benefits as well as the agency's non-responsiveness to the Plaintiff's repeated status inquiries over the past three years. The Plaintiff has taken all appropriate steps to adjust her status to lawful permanent resident by properly filing her I-485 application, in conjunction with her I-131 application for travel document and I-765 application for employment authorization, with the CIS Texas Service Center in July 2003. Her file was subsequently transferred to the CIS Miami District Office, where the Plaintiff attended an interview on her adjustment claim. While that application has remained pending, she has filed for and been granted renewal of her travel document on three occasions and renewal of her employment authorization document on four occasions. Moreover, following a status inquiry in January 2007, the Plaintiff was informed that her I-131 application for renewal of travel document, at least, had been transferred to CIS Headquarters in Washington, D.C. for review. She has now been advised that only the I-131 was sent to Headquarters, whereas the I-485 remains unadjudicated in the Miami District Office, awaiting completion of an FBI name check investigation. *See* Defendants' Reply, Aran Decl. ¶¶3-8.

The Defendants assert that "federal officials in Miami, Florida … will make the final decision regarding" the Plaintiff's adjustment of status application. Defendants' Reply at 3. However, as CIS Chief of Staff Aran attests, that final decision will be rendered only "[u]pon completion of all background checks" and the FBI name check remains pending. Defendants' Reply, Aran Decl. ¶¶8-9. Although Ms. Aran states that the Miami District Office "will adjudicate plaintiff's application" once the checks are completed, she does not assert that the critical FBI name check – the action upon which final adjudication of the Plaintiff's application depends – will occur anywhere within the Miami District. In light of Ms. Aran's declaration, it

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

4

is difficult to discern any "local interest" in resolving the central controversy in this case, which is completion of required FBI name checks so that the CIS Miami District Office can take the final step of issuing a decision on the Plaintiff's adjustment application.

The Defendants also misapprehend the Plaintiff's argument regarding FBI name and fingerprint checks and the Plaintiff's choice of venue. According to the Defendants, "assuming arguendo that the namechecks and background checks are the only aspects of the national security investigation that remain outstanding, the fact that some aspect of those checks might be performed by personnel in West Virginia would not make the District of Columbia an appropriate forum." Defendants' Reply at 6. The point is not that the FBI checks are conducted in this District. Rather, the fact that FBI checks are conducted *outside* the Miami District refutes the Defendants' insistence that this is a purely "local controversy" and that all "relevant decisions" are being made in the Miami District. *Id.* at 4. The requirement that an adjustment of status applicant undergo FBI background checks is a national policy, set by decision makers in Washington, D.C., which applies uniformly irrespective of where in the United States the applicant resides.

The Defendants have also provided data on the relative congestion of this Court versus the Southern District of Florida and have acknowledged that the latter "has more cases than this Court," even though "its cases appeared to be resolved more quickly" than cases filed in this District. Defendants' Reply at 6-7. The fact that the Southern District of Florida has a more congested docket than this Court is a further public policy consideration that weighs against a transfer under 28 U.S.C. §1404(a). *See, e.g., Abusadeh v. Chertoff*, Slip Copy, 2007 WL 2111036, at *4 (D.D.C. July 23, 2007).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

5

Finally, the Plaintiff reiterates her principal objection to the Defendants' transfer motion and request for extension of time, which is that a grant of the motion will unavoidably result in further, unreasonable delay in her case. The prospect of such additional delay weighs heavily against the Defendants' transfer request, where the Plaintiff has already waited more than four years for a decision on her meritorious adjustment of status application.

Based on the foregoing, it is clear that the Defendants have failed to satisfy their heavy burden under 28 U.S.C. §1404(a) of demonstrating that a transfer of venue to the Southern District of Florida would serve the interest of justice and the convenience of the parties and witnesses in this case. The Plaintiff therefore urges this Court to deny the Defendants' motion to transfer, deny the request for further extension of time to file an answer, and grant the relief sought by the Plaintiff in her mandamus complaint, to wit, order the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay.


Respectfully submitted this <u>30th</u> day of November 2007,

NATALIA V. POLIAKOVA

*By counsel,*

<u>          /s/          </u>
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053
Fax: (202) 483-6801

*Counsel for Plaintiff*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

NATALIA V. POLIAKOVA                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )          Civ. No. 07-1210 (RCL)
                                        )
EMILIO T. GONZALEZ, Director            )
U.S. Citizenship and Immigration Services, et al.,  )
                                        )
        Defendants.                     )
_____)


**<u>PROPOSED ORDER</u>**

Upon consideration of Plaintiff's Motion for Leave to File Sur-reply, it is hereby ORDERED that said motion is GRANTED.

Done and ordered this _____ day of _____, 2007.



_____
Judge Royce C. Lamberth
U.S. District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>NATALIA V. POLIAKOVA )<br> )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>EMILIO T. GONZALEZ, Director )<br>U.S. Citizenship and Immigration Services, et al., )<br> )<br>     Defendants. )<br>_____) | Civ. No. 07-1210 (RCL) |

## CERTIFICATE OF SERVICE

I, Thomas K. Ragland, hereby certify that on this the 30th day of November, 2007, I filed the foregoing Plaintiff's Motion for Leave to File Sur-reply, Plaintiff's Sur-reply to Defendants' Reply in Support of Motion to Transfer and for Enlargement of Time to File Answer, and Proposed Order via Electronic Case Filing System, and therefore caused to be served a true and correct copy electronically upon:

Robin M. Meriweather
Assistant U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530


_____/s/_____
Thomas K. Ragland