IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIA V. POLIAKOVA, § | |
| § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 07-1210 (RCL) |
| § | |
| EMILIO T. GONZALEZ, DIRECTOR § | |
| UNITED STATES CITIZENSHIP AND § | |
| IMMIGRATION SERVICES (USCIS), § | |
| MICHAEL CHERTOFF, SECRETARY, § | |
| UNITED STATES DEPARTMENT OF § | |
| HOMELAND SECURITY, § | |
| ROBERT S. MUELLER, DIRECTOR, § | |
| FEDERAL BUREAU OF INVESTIGATION, § | |
| LINDA SWACINA, DIRECTOR, MIAMI § | |
| DISTRICT OFFICE, USCIS § | |
| § | |
|    *Defendants.* § | |

**RESPONSE TO PLAINTIFF'S SURREPLY**

This case presents a straightforward venue question: whether a mandamus complaint which seeks an order compelling an agency to complete its adjudication of an adjustment of status application should be transferred to the district in which such adjudication will occur and in which the plaintiff resides. Two members of this Court have addressed this issue, and both concluded that the district in which the United States Customs and Immigration Services ("USCIS") office or service center that will adjudicate the application is located is a more appropriate forum than the District of Columbia. See Abusadeh v. Chertoff, 2007 WL 2111036, at *6-*9 (D.D.C. July 23, 2007) (transferring mandamus action seeking adjudication of adjustment of status application to Southern District of Texas because that was where the application was being adjudicated); Fayyaz v. Dep't of Homeland Security, No. 06-2016 (D.D.C. Oct. 25, 2007) (unpublished Order) (transferring mandamus action concerning I-485 to the Southern District of Texas because that is where plaintiffs resided and the district in which

the USCIS office with jurisdiction over their applications was located) (attached as Exh. 3 to Dkt. Entry 19).  Plaintiff has not cited a single case holding that a mandamus action seeking to compel field office employees to grant relief should instead be heard in the district in which the Director of an agency is located, and Defendants are aware of none.

The Chief of Staff of the USCIS Miami District Office, Maria Aran, has twice testified under penalty of perjury that the Miami District Office is responsible for adjudicating Plaintiff's adjustment of status application, and is the office that will grant or deny the application.  See Dkt. Entry 11 at Exh. 1; Dkt. Entry 19 at Exh. 1.  Plaintiff's unfounded speculation that the adjustment application was or may be referred to Washington — which Ms. Aran has specifically rebutted — does not come close to overcoming the presumption of good faith accorded to Ms. Aran's testimony.  Indeed, the notion that Plaintiff is better suited than USCIS to opine on where the adjudication will occur is what "strains credibility," not Defendants' arguments.  Surreply at 3 (Dkt. Entry 22).

Plaintiff's adjustment of status application is the only application whose adjudication the complaint seeks to compel.  See Compl. at 13 (prayer for relief).  Plaintiff repeats that prayer for relief in the surreply.  See Surreply at 6 (Dkt. Entry 22).  Thus, it is of no moment that one of the other immigration applications Plaintiff filed may have been referred to USCIS headquarters in Washington D.C. before it was granted.[1]  The salient point is that the adjustment application has never been transferred to Washington, D.C., and will be adjudicated by personnel at the Miami District Office.

---

[1] The email communications Plaintiff submitted state only that a specific I-131 application "was relocated to Central Office Washington," and do not address Plaintiff's entire "file" or the I-485 application.  See Dkt. Entry14.  That I-131 was filed in December, 2006 — three years after Plaintiff filed the I-485.  See Aran Decl. ¶ 5 (Exh. 1 to Dkt. Entry 19).  The reasons for that transfer are irrelevant, as that request for a travel document was approved and is not at issue in this case.

Nor does it matter where the FBI agent(s) conducting Plaintiff's background checks may be physically located.  The FBI does not adjudicate adjustment of status applications, and will forward the results of its investigation to USCIS.  Thus, "the fact that the FBI . . . may play a role in the processing of Plaintiff's application . . . does not alter the fact that the ultimate decision on Plaintiff's application for naturalization . . . will be made" at the Miami District Office. Abusadeh, 2007 WL 2111036, at *7.

Finally, Plaintiff's suggestion that her choice of forum is entitled to significant deference is misguided.  See Surreply at 3 (Dkt. Entry 22).  The fact that Plaintiff resides in the Southern District of Florida reduces the deference that might otherwise apply to her choice of the District of Columbia as a forum.  See Shawnee Tribe v. United States, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)).  Moreover, for the reasons discussed supra, this District lacks "meaningful ties" to the controversy, because the actions Plaintiff seeks to compel will occur in the Southern District of Florida.  Shawnee Tribe, 298 F. Supp. 2d at 24.  The lack of any significant connection between the District of Columbia and the adjudicatory decisions at issue in this case further diminishes the deference given to Plaintiff's choice.  See id.;  Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86-89 (D.D.C. 2005); Shawnee Tribe, 298 F. Supp. 2d at 24.

In sum, there is no material difference between this case and Abusadeh, Fayyez, and the numerous cases involving the activities of other agencies' field offices.  It should be transferred because Washington, D.C.- based officials will not play an "active or significant" role in the decision-making process.  Sierra Club v. Flowers, 276 F. Supp. 62, 67-68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision); Airport Working Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp. 2d 227,

3

230-31 (D.D.C. 2002) (transferring because connection to DC was "attenuated" where D.C. officials were not actively involved in challenged decision). The Southern District of Florida is the home forum of Plaintiff and the USCIS Miami District Office. It is thus a more appropriate venue than this Court.

Dated: December 14, 2007                    Respectfully submitted,

                                                   /s/
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                                 /s/
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                          /s/ *Robin M. Meriweather*
                                       ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                       Assistant United States Attorney
                                       555 Fourth St., N.W.
                                       Washington, D.C. 20530
                                       Phone: (202) 514-7198 Fax: (202) 514-8780
                                       Robin.Meriweather2@usdoj.gov

**Of Counsel:**

SHERI GLASER
Trial Attorney
U.S. Department of Justice Civil Division
Office of Immigration Litigation

SYLVIA ALONSO
Associate Counsel
United States Citizenship and Immigration Services
Miami, Florida